# EXHIBIT A

CV-011446-25

SUMMONS
Index No. **CV-011446-25/NA**

RECEIVED
SEP 1 2 2025

Nassau County District Court - 1st District
County of Nassau

-----------------------------------------------------x
Jarrett R. Jenkins
    Plaintiff(s)
  -against-
Mission Lane, LLC.
    Defendant(s)
-----------------------------------------------------x

Plaintiff's Residence Address:
Jarrett R. Jenkins, at 334 Locust Street, Apt. 1, West Hempstead, NY 11552

The basis of the venue designated is:
Plaintiff's Residence

To the above-named defendant:
YOU ARE HEREBY SUMMONED and required to appear in the District Court of the COUNTY OF Nassau, Nassau County District Court - 1st District, at the office of the Clerk of the said Court at 99 Main Street, Hempstead, NY 11550 in the County of Nassau, State of New York, by serving an answer to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: September 8, 2025

**BRENDA HAYDEN**
**CLERK - CIVIL TERM**
Clerk of the Court

Nassau County District Court - 1st District, on the request of self-represented plaintiff:
Jarrett R. Jenkins, at 334 Locust Street, Apt. 1, West Hempstead, NY 11552;

NOTE: The law or rules of court provide that:
  a. if this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of Nassau you must answer within 20 days after such service; or
  b. if this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court.
  c. You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within 10 days of the service of the answer.

to Mission Lane, LLC., at 1504 Belleville Street, Richmond, VA 23230

RECEIVED
SEP 0 8 2025
DISTRICT COURT - CIVIL TERM
99 MAIN STREET, HEMPSTEAD NY 11550

CV-011446-25

**DISTRICT COURT COUNTY OF NASSAU**
**FIRST DISTRICT, CIVIL PART**
-----------------------------------------------------------------X
Jarrett R. Jenkins,

                       Plaintiff,                                  **COMPLAINT**

        -against-

Mission Lane, LLC,                                         **FORMAL PLEADINGS**

                      Defendant,
-----------------------------------------------------------------X

Comes now, the Plaintiff, Jarrett R. Jenkins respectfully submits and alleges as follows:

### PARTIES

1. Plaintiff, Jarrett R. Jenkins is a natural person who resides at 334 Locust Street, Apt. 1 West Hempstead, NY 11552.

2. Defendant, Mission Lane, LLC (hereinafter "Mission Lane") is a foreign business entity with its principal place of business at 1504 Belleville Street, Richmond, VA 23230.

3. Upon information and belief, Defendant operated on its' own behalf at all times or as an agent, affiliate, partner, and/or under or through the employ of an unknown entity.

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 USC §1331 and pursuant to The Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC §1681p).

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District Of New York.

6. Upon information and belief Defendant accesses consumer credit reports from the national credit reporting agencies i.e. Transunion, Transunion, Transunion and Innovis; as such is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his Transunion consumer credit report on or about March 27, 2025.

8. Plaintiff found after examining his Transunion consumer credit report that the Defendant, Mission Lane had obtained the Plaintiff's Transunion consumer credit report on January 27, 2025.

9. Discovery of the violation brought forth herein occurred on March 27, 2025 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

## FIRST CAUSE OF ACTION: 15 U.S.C.§1681b
## FAIR CREDIT REPORTING ACT VIOLATION

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

12. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

14. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bonafide offer of credit or insurance as a result of the inquiry.

16. Plaintiff has never had any business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bonafied offer of credit from the Defendant, Mission Lane.

17. On January 27, 2025, Defendant obtained the Transunion consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

18. At no time did Plaintiff give his consent for Mission Lane to acquire his consumer credit report

from any credit reporting agency.

19. Defendant, a sophisticated entity regularly engaged in the business of accessing consumer data, knew or was reckless in not knowing that it lacked any permissible purpose to obtain Plaintiff's consumer report. Defendant's act of obtaining the report, despite the complete absence of any consumer-initiated transaction or relationship as alleged herein, constitutes a willful violation of the FCRA, 15 U.S.C. §1681b. This unauthorized intrusion into Plaintiff's private financial information was an egregious violation of Plaintiff's statutory right to privacy and, as a direct and foreseeable result, caused Plaintiff to suffer concrete harms, including embarrassment, humiliation, and anxiety regarding the security and dissemination of his personal data.

20. Defendant's conduct was willful as defined in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007), which held that "willful" includes both knowing violations and those made in reckless disregard of statutory duties. Defendant's failure to confirm any permissible purpose before obtaining Plaintiff's consumer report was, at minimum, reckless disregard of its obligations under the FCRA.

21. Under *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), intangible injuries such as the invasion of privacy and loss of control over personal information satisfy Article III's requirement of concreteness. Defendant's unauthorized access of Plaintiff's credit report constitutes precisely the kind of concrete injury Congress made actionable under the Fair Credit Reporting Act.

22. Consistent with *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the unauthorized access of Plaintiff's credit report is itself a statutory invasion of privacy that constitutes a concrete injury in fact, regardless of whether the report was further disseminated.

23. The Defendant had the duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining the Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain the

Plaintiff's credit report therefore, the Plaintiff is entitled to damages.

24. As a result of Mission Lane's willful practice of violating The Fair Credit Reporting Act, Mission Lane is liable under 15 U.S.C. §1681n for punitive damages in an amount sufficient to deter Mission Lane from engaging in this kind of illegal practice in the future. In the alternative, the Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

25. The Plaintiff is entitled to recover actual damages and/or statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

26. As a direct and proximate result of Defendant's willful and/or negligent actions, Plaintiff has suffered actual damages, including but not limited to:

    a. Loss of time and productivity, including hours spent investigating the unauthorized access and researching remedies available under law;

    b. Tangible out-of-pocket costs, including ink, paper and other materials used in preparing court filings and;

    c. Loss of peace of mind and emotional distress, including anxiety, humiliation, and frustration stemming from the invasion of privacy and from the fear of how the Defendant may have used or disclosed Plaintiff's personal information;

    d. Continuing stress and disruption caused by the need to prosecute this lawsuit and defend against Defendant's improper conduct;

    e. Electricity consumed in powering Plaintiff's laptop, printer, monitors and related equipment necessary to investigating and addressing Defendant's unauthorized pull, including gathering records, researching remedies and preparing complaints prior to filing this action; and

    f. Other consequential harms reasonably and foreseeably flowing from Defendant's

impermissible access, including the ongoing diversion of Plaintiff's personal time, energy, and household resources away from ordinary daily activities toward litigation-related tasks, and the cumulative toll of being forced to monitor, prepare and appear in court solely because of Defendant's unlawful conduct.

27. These actual damages are in addition to statutory damages to which Plaintiff is entitled to under The Fair Credit Reporting Act 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the Court enter an order against the Defendant, Mission Lane, LLC., that:

1. Declares' that the Defendant's conduct violated the FCRA;

2. Awards statutory damages of $1,000.00 as listed under the FCRA, pursuant to 15 U.S.C. §1681n (a)(1)(A) or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o,

3. If the Court allows, award punitive damages as provided under the FCRA, pursuant to 15 U.S.C. §1681n (a)(2),

4. Award any attorney's fees and costs pursuant to 15 U.S.C. §1681n (a) (3),

5. Other damages as allowed by the court.

Respectfully Submitted,

September 7, 2025

Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt. 1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

## VERIFICATION

Jarrett R. Jenkins, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Jarrett R. Jenkins, Plaintiff

Sworn to before me this
__07__ day of __September__, 2025

_____
Notary Public

YADAV HASTIR
Notary Public of New York
Registration # 01HA0012317
Qualified in Nassau County
My Commission Expires 08/21/2027