IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRETT R. JENKINS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-5694 |
| | ) |
| MISSION LANE, LLC, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ANSWER**

Defendant Mission Lane LLC ("Mission Lane") submits the following answer and affirmative defenses to the Complaint filed against it by Plaintiff Jarrett R. Jenkins ("Plaintiff"), stating as follows:

**PARTIES**

1. Mission Lane is without sufficient to admit or deny the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

2. Admitted.

3. Mission Lane is without sufficient to admit or deny the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

**JURISDICTION AND VENUE**

4. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, Mission Lane admits only that the cited statutes speak for themselves, and denies any additional or inconsistent allegations.

5. Mission Lane is without sufficient to admit or deny the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

6. Mission Lane admits only that it accesses credit reports from credit reporting agencies in accord with governing law. Mission Lane further states that the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), speaks for itself and denies any allegations inconsistent therewith.

## GENERAL ALLEGATIONS

7. Mission Lane is without sufficient to admit or deny the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

8. Mission Lane is without sufficient to admit or deny the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

9. Mission Lane denies any implication that it violated the FCRA or otherwise committed any wrongdoing and demand strict proof thereof. Otherwise, Mission Lane is without sufficient to admit or deny the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

## FIRST CAUSE OF ACTION: 15 U.S.C. § 1681b
## FAIR CREDIT REPORTING ACT VIOLATION

10. Mission Lane incorporates its responses to the preceding paragraphs as though fully set forth herein.

11. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent any response is required, Mission Lane admits only that the FCRA speaks for itself, and denies any allegations inconsistent therewith.

12. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent any response is required, Mission Lane admits only that the FCRA speaks for itself, and denies any allegations inconsistent therewith.

13. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent any response is required, Mission Lane admits only that the FCRA speaks for itself, and denies any allegations inconsistent therewith.

14. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent any response is required, Mission Lane admits only that the FCRA speaks for itself, and denies any allegations inconsistent therewith.

15. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent any response is required, Mission Lane admits only that the FCRA speaks for itself, and denies any allegations inconsistent therewith. To the extent the allegations of this paragraph are intended to stand for any additional or inconsistent allegations, they are denied.

16. Mission Lane denies the allegations of this paragraph and demands strict proof thereof.

17. Mission Lane denies the allegations of this paragraph and demands strict proof thereof.

18. Mission Lane denies the allegations of this paragraph and demands strict proof thereof.

19. Mission Lane denies the allegations of this paragraph and demands strict proof thereof.

20. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent any response is required, Mission Lane admits only that the cited case speaks for itself, and denies any allegations inconsistent therewith. Mission Lane denies the remaining allegations of this paragraph and demands strict proof thereof.

21. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent any response is required, Mission Lane admits only that the cited case speaks for itself, and denies any allegations inconsistent therewith. Mission Lane denies the remaining allegations of this paragraph and demands strict proof thereof.

22. The allegations of this paragraph call for a legal conclusion and, therefore, no response is required. To the extent any response is required, Mission Lane admits only that the cited case speaks for itself, and denies any allegations inconsistent therewith. Mission Lane denies the remaining allegations of this paragraph and demands strict proof thereof.

23. Mission Lane denies the allegations of this paragraph and demands strict proof thereof.

24. Mission Lane denies the allegations of this paragraph and demands strict proof thereof.

25. Mission Lane denies the allegations of this paragraph and demands strict proof thereof.

26. Mission Lane denies the allegations of this paragraph and is subparts and demands strict proof thereof.

27. Mission Lane denies the allegations of this paragraph and demands strict proof thereof.

In response to the paragraph beginning with "WHEREFORE" and following paragraph 27 of the Complaint, Mission Lane denies each and every allegation set forth therein. Mission Lane further denies any wrongdoing whatsoever, and denies that Plaintiff is entitled to the requested relief or any judgment, damages, or relief whatsoever from Mission Lane. Mission Lane further

denies each and every material allegation not specifically admitted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint and to each cause of action contained therein, Mission Lane alleges as follows:

## FIRST DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Mission Lane.

## SECOND DEFENSE

Any violation of law, which Mission Lane denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such errors.

## THIRD DEFENSE

Plaintiff suffered no injury in fact as a result of Mission Lane's alleged conduct and/or cannot satisfy the concrete injury requirement and therefore does not have standing to assert the claim asserted herein.

## FOURTH DEFENSE

Plaintiff's Complaint and each claim for relief therein is barred because Mission Lane acted in good faith and Mission Lane's alleged conduct is and was privileged or justified, and Mission Lane acted without malice. Thus, to the extent there was any violation of the FCRA, which Mission Lane denies, such violation(s) were not knowing and willful.

## FIFTH DEFENSE

The claims of Plaintiff are barred, in whole or in part, to the extent they seek redress that is barred by the applicable statute of limitations.

## SIXTH DEFENSE

Mission Lane's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability.

## SEVENTH DEFENSE

Mission Lane's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between Mission Lane and Plaintiff.

## EIGHTH DEFENSE

Mission Lane is informed and believes that Plaintiff has not sustained any actual damages as a result of Mission Lane's alleged conduct in this action.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part as a result of Plaintiff's failure to mitigate alleged damages, if any. Further, to the extent Plaintiff seeks recovery for actual damages, such damages, if any, should be reduced in proportion to Plaintiff's failure to mitigate.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), release, satisfaction, consent, ratification, acquiescence, novation, laches, and/or unclean hands.

## ELEVENTH DEFENSE

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of Plaintiff or third parties, and not by Mission Lane. Further, any alleged actions of third parties herein were not authorized or ratified by Mission Lane.

## TWELFTH DEFENSE

Plaintiff's injuries resulted from an intervening or superseding cause or the acts or omissions of third or other parties over which Mission Lane had no responsibility or control and for which Mission Lane is not liable.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims against Mission Lane may be subject to arbitration and should be resolved in arbitration, not this Court.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of set-off and/or recoupment to the extent Plaintiff has violated his credit agreement with Mission Lane, and has an outstanding balance owed.

## FIFTEENTH DEFENSE

Mission Lane specifically denies that it acted with any negligence, willfulness, oppression, fraud, or malice towards Plaintiff.

## SIXTEENTH DEFENSE

The award of statutory penalties under the FCRA against Mission Lane would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). Imposition of a statutory penalty is excessive in this context may result in potential damages that are not proportional to the conduct alleged.

## SEVENTEENTH DEFENSE

The imposition of punitive damages against Mission Lane would violate the Due Process provision of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." E.g., *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 562 (1996).

## EIGHTEENTH DEFENSE

Mission Lane adopts and asserts all affirmative defenses available under the FCRA, including that Mission Lane had a permissible purpose to access Plaintiff's credit report.

## RESERVATION OF RIGHTS

Mission Lane presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

Dated: October 17, 2025                    Respectfully submitted,

/S/ John E. Brigandi
JOHN E. BRIGANDI, ESQ.
**KNUCKLES & MANFRO LLP**
600 East Crescent Avenue, Suite 201
Upper Saddle River, NJ 07458
(201) 391-0370
jeb@km-llp.com
Attorneys for Defendant,
*Mission Lane, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document using the Court's CM/ECF system and have and served a copy on the following by U.S. First Class Mail and/or email on this 17th day of October, 2025:

Jarrett R. Jenkins<br>
334 Locust Street, Apt. 1<br>
West Hempstead, NY 11552<br>
jrobertjenkins@gmail.com

Dated: October 17, 2025                    Respectfully submitted,


                                            **/S/ John E. Brigandi**
                                            JOHN E. BRIGANDI, ESQ.
                                            **KNUCKLES & MANFRO LLP**
                                            600 East Crescent Avenue, Suite 201
                                            Upper Saddle River, NJ 07458
                                            (201) 391-0370
                                            jeb@km-llp.com
                                            Attorneys for Defendant,
                                            *Mission Lane, LLC*